**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                          No. 01-4742

JERRY LEON TUCKER,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Cameron McGowan Currie, District Judge.
(CR-01-303)

Submitted: March 7, 2002

Decided: May 14, 2002

Before WILKINS, NIEMEYER, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Langdon D. Long, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Jane Barrett Taylor, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Jerry Leon Tucker was convicted of possession with intent to distribute cocaine base in violation of 21 U.S.C.A. § 841(a)(1) and (b)(1)(B) (West 1999) and sentenced to eighty-eight months' imprisonment. Tucker's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal, but raises the issues of whether the district court erred in denying Tucker's motion to suppress and whether there was sufficient evidence to support Tucker's conviction. Tucker has filed a pro se supplemental brief asserting similar claims. We affirm.

We review a district court's factual findings underlying its denial of a motion to suppress for clear error, while reviewing its legal conclusions de novo. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). In addition, in reviewing the denial of a motion to suppress, we review the evidence in the light most favorable to the government. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). Under these standards, we conclude that the district court properly denied Tucker's motion to suppress evidence discovered in the course of a traffic stop.

In reviewing a sufficiency of the evidence claim on appeal, we must sustain the verdict if the record contains "substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). Applying this standard, we give due regard to the fact finder's prerogative to resolve questions of credibility. *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996). We conclude that the Government presented sufficient evidence for a reasonable trier of fact to find Tucker guilty of the possession with intent to distribute cocaine base beyond a reasonable doubt.

Accordingly, we affirm Tucker's conviction and sentence. We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to peti-

tion the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*